STATE OF LOUISIANA     *     NO. 2017-KA-0231

VS.     *

    **COURT OF APPEAL**

DAJUAN A. ALRIDGE     *

    **FOURTH CIRCUIT**

    *

    **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 495-802, SECTION "G"
Honorable Byron C. Williams, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Paula A. Brown, Dale N. Akins[1])

Leon A. Cannizzaro, Jr.
DISTRICT ATTORNEY
ORLEANS PARISH
Mithun Kamath
DISTRICT ATTORNEY'S OFFICE, ORLEANS PARISH
619 South White Street
New Orleans, LA 70119

    COUNSEL FOR THE STATE

Donna Andrieu
Chief of Appeals
ORLEANS DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

Christopher J. Murell
Erica L. Navalance
CAPITAL APPEALS PROJECT
636 Baronne
New Orleans, LA 70113

    COUNSEL FOR DEFENDANT

                     **JUDGMENT VACATED
AND REMANDED
June 3, 2020**

---

[1] Judge Dale N. Akins, who was elected after the original appeal was handed down, replaces Judge Dennis R. Bagneris, Pro Tempore.

**PAB**
**TFL**
**DNA**

This is a criminal appeal on remand from the United States Supreme Court. Defendant, Dajuan A. Alridge, who was seventeen years old at the time of the crime, was convicted by an 11-1 vote of second degree murder of James McKenzie ("James"). The horrific facts of the case—wherein fifteen-year-old James was stabbed by Defendant forty-nine times, and James' body was found duct-taped in an abandoned building—were set forth in detail by this Court in *State v. Alridge*, 17-0231 (La. App. 4 Cir. 5/23/18), 249 So.3d 260.

Prior to trial, Defendant filed a "Motion to Declare La. C.Cr.P. Art. 782 (A) and La. Const. Art. I, § 17 Unconstitutional because they Allow for a Nonunanimous Verdict in this Second Class Case," which the district court denied on October 19, 2015. On appeal, this Court affirmed the conviction,[2] rejecting Defendant's assigned error concerning the non-unanimous verdict.[3] Defendant

---

[2] Judge Terri F. Love concurred in the result and assigned reasons.

[3] The majority opinion provided in relevant part:

sought review by the Louisiana Supreme Court, which was denied. *State v. Alridge*, 18-1046 (La. 1/8/19), 259 So.3d 1021. Defendant, then, petitioned the United States Supreme Court ("Supreme Court"), and while Defendant's certiorari petition remained pending, the Supreme Court decided *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020)(2020 WL 1906545) and held that non-unanimous jury verdicts are unconstitutional in state felony prosecutions.[4] Following the

---

Dajuan asserts the non-unanimous verdict of eleven to one is unconstitutional, in violation of the Fourteenth Amendment. Dajuan states, "Louisiana is only one of two states that allow a non-unanimous jury verdict in felony cases, and the only state where a non-unanimous second degree murder conviction results in mandatory life without parole."

A conviction of second degree murder requires ten of the jurors to concur. Louisiana Constitution Article 1, § 17(A) provides: "A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict." *See also*, La. C.Cr.P. art. 782.

In *Apodaca v. Oregon*, 406 U.S. 404, 406, 92 S.Ct. 1628, 1630, 32 L.Ed.2d 184 (1972), a plurality of the Supreme Court found that the right to unanimity in a jury verdict was not a right "of constitutional stature" sufficient to justify a unanimous jury verdict requirement binding on the state courts. Dajuan urges that since the Apodaca decision "subsequent case law has consistently undermined" the court's reasoning.

Presently in Louisiana, the *Apodaca* decision is still good law. Recently, in [*State v.*] *Dove*, 15-0783, p. 37, [(La. App. 4 Cir. 5/4/16)] 194 So.3d [92] at 117, the seventeen-year-old defendant was convicted of second degree murder and sentence to life imprisonment without the benefit of parole. On appeal, the defendant asserted his conviction of second degree murder by a less than unanimous jury was unconstitutional. This Court found the error lacked merit:

> Our state constitution (Art. I, § 17), statutory law (La.C.Cr.P. art. 782 A), and both federal and state jurisprudence (Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); *State v. Bertrand*, 08-2215, 08-2311, pp. 6-7 (La. 3/17/09), 6 So.3d 738, 742; *State v. Curtis*, 11-1676, p. 23 (La. App. 4 Cir. 3/13/13), 112 So.3d 323, 335) have upheld this procedural device that a less than unanimous jury (ten of twelve jurors) is sufficient to convict a person for second degree murder.

*Id.*

*Alridge*, 17-0231, pp. 35-36, 249 So.3d at 286 (footnotes omitted).

---

[4] In reaching its conclusion, the United State Supreme Court first reviewed the text of the Sixth Amendment which provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district

opinion in *Ramos v. Louisiana,* the Supreme Court issued, on April 27, 2020, the following order to this Court:

> The motion of petitioner for leave to proceed *in forma pauperis* and the petition for writ of certiorari is granted. The judgment is vacated, and the case is remanded to the Court of Appeal of Louisiana, Fourth Circuit for further consideration in light of *Ramos v. Louisiana*, 590 U.S. ____ (2020). Justice Alito, concurring in the decision to grant, vacate, and remand: In this and in all other case in which the Court grants, vacates, and remands in light of *Ramos v. Louisiana*, I concur in the judgment on the understanding that the Court is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand.

*Alridge v. Louisiana*, ___ U.S. ___, ___ S.Ct. ___ (2020)(2020 WL 1978920).

**DECREE**

Considering the foregoing order by the Supreme Court, Defendant's conviction and sentence are vacated and the case is remanded to the district court.

---

wherein the crime shall have been committed, which district shall have been previously ascertained by law." *Ramos*, 590 U.S. at ___, 140 S.Ct. at 1395. The question to be resolved was what the term "trial by an impartial jury trial" meant at the time the Sixth Amendment was adopted. *Id*. The Court concluded: "[W]hether it's the common law, state practices in the founding era, or opinions and treatises written soon afterward – the answer is unmistakable. A jury must reach a unanimous verdict in order to convict." *Id*. Further, the Court noted it "repeatedly and over many years, recognized that the Sixth Amendment requires unanimity." *Id.*, p. 6. "In all, this Court has commented on the Sixth Amendment's unanimity requirement no fewer than [thirteen] times over more than 120 years." *Id.*, p. 7.

The United States Supreme Court continued, and the next question addressed was whether the Sixth Amendment's requirement of unanimity applied equally to the States. This question was likewise resolved affirmatively:

> There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally. This Court has long explained that the Sixth Amendment right to a jury trial is "fundamental to the American scheme of justice" and incorporated against the States under the Fourteenth Amendment. This Court has long explained, too, that incorporated provisions of the Bill of Rights bear the same content when asserted against States as they do when asserted against the federal government. So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court.

*Id.*, 590 U.S. ___, 140 S.Ct. at 1397(footnotes omitted).

4

**JUDGMENT VACATED
AND REMANDED**